# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

TEXAS AMERICAN ASSOCIATION OF
UNIVERSITY OF PROFESSORS-AMERICAN
FEDERATION OF TEACHERS, ET AL.

     *Plaintiffs*,

V.

BRANDON CREIGHTON, CHANCELLOR OF
TEXAS TECH UNIVERSITY SYSTEM, ET AL.,

     *Defendants*.

CASE NO. 3:26-CV-01845-LS

## DEFENDANTS' INITIAL RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendants Brandon Creighton, Chancellor of Texas Tech University System and Arcilia Acosta, Cody Campbell, Clay Cash, Tim Culp, Shelley Sweat, Doug McCreaken, Don Sinclair, Dustin Womble, and Rachel McLelland, members of Texas Tech University System Board of Regents (collectively, "TTUS"), moved on July 30, 2026, for an extension of time to filed their Response to the Motion for Preliminary Injunction. As of 5:00 p.m. om July 31, 2026, the Court has not ruled on that Motion. Out of an abundance of caution, Defendants hereby file this initial response in opposition to Plaintiff's Opposed Motion for Preliminary Injunction (ECF No. 19), but reserve the right to file a later and more fulsome response at an appropriate time on leave of court.

### INTRODUCTION

Plaintiffs are two unions whose members allegedly include faculty of the Texas Tech University System ("TTUS"). Plaintiffs filed this action on July 8, 2026. ECF No. 1. They assert pre-enforcement facial constitutional challenges against the "Creighton Memoranda" that were

dated December 1, 2025, and April 9, 2026. These Creighton Memoranda outlined new policies pursuant to which a course review of the course taught within TTUS was to be accomplished.[1]

The December 1, 2025, Creighton Memorandum I is a three-page document from Chancellor Creighton to the five Component University Presidents of TTUS. It states the TTUS policy that advocacy or promotion of a Race or Sex-based prejudice is prohibited. It also notes the TTUS policy that only two sexes are recognized under applicable law and are to be included in TTUS course content.

Creighton Memorandum I also creates a process for Course Content Review which "depends on the earnest participation of every [TTUS] faculty member. It states that faculty were required to submit course content related to sexual orientation as part of the Course Content Review Process.

Creighton Memorandum II dated April 9, 2026, is a six-page document addressed to the five Component University Presidents of TTUS on the subject of "Texas Tech University System Course Content Guidelines." It establishes "guidance" and "guidelines" regarding course content in TTUS courses. It also states various exemptions from these guidelines, including exemptions for faculty research and publication.

Plaintiffs claim primarily that the Creighton Memoranda violate the First Amendment right of free speech of some TTUS faculty members who want to teach content in their classes that is no longer part of the content of TTUS courses after the course review that was completed in the Spring Semester of 2026. Plaintiffs also claim that the Creighton Memoranda is void for vagueness and therefore violates the Fourteenth Amendment.[2]

---

[1] The Texas Legislature enacted a law known as S. B. 37 in 2025, and it was signed into law by Governor Abbott, effective September 1, 2025. S. B. 37 requires state university regents to review core course and degree programs.

[2] Plaintiffs also assert in their Complaint that the Creigton Memoranda were "at least in part" motivated by an intent to discriminate on the basis of race in violation of the Fourteenth Amendment. See Complaint at ¶¶ 238-48. However, this claim is not asserted by Plaintiffs as a basis for their Motion for Preliminary Injunction. See ECF 19

Plaintiffs seek a preliminary injunction in this case against all Defendants to enjoin them during the pendency of this action from "enforcing" the Creighton Memoranda. But the Creighton Memorandum are not statutes or rules to be enforced, but policy documents that describe a course review process. Moreover, Plaintiffs do not claim in the Complaint or Motion for Preliminary Injunction that any Defendants have actually enforced the Creighton Memoranda by disciplinary action against any TTUS faculty.

## BACKGROUND

Plaintiffs filed their Motion for Preliminary Injunction on July 17, 2026. (ECF No. 19.) Plaintiffs supported that motion with four anonymous Declarations and Exhibits comprising 162 pages. Without leave of Court, Plaintiffs filed the Declarations and Exhibits with the names of the Declarants redacted. ECF 19- through 19-17. Plaintiffs thereafter filed a motion for leave to do what they had already done. ECF No. 21. Defendants opposed that motion for leave and moved to strike the Declarations and Exhibits that were redacted. ECF No. 28.

Defendants will file by August 5, 2026, a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue (as well as on other grounds). That motion will alternatively seek a transfer of this action to the Northern District of Texas pursuant to 28 U. S. C. §§ 1404(a) and 1406(a). The events at issue in this case, including the creation, approval, and issuance of the Creighton Memoranda, all occurred in the Northern District of Texas. The Northern District of Texas is also the district in which well over 90% of TTUS students and faculty work and live. In addition, most Defendants reside in the Northern District of Texas, and none reside in the Western District of Texas.

Defendants dispute many of the facts asserted in Plaintiffs Complaint and Motion for Preliminary Injunction. Accordingly, Defendants are entitled to and will seek an evidentiary hearing on the Motion for Preliminary Injunction and reasonable discovery of the Declarants and other witnesses Plaintiffs will call at that hearing. See Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009) (where facts are in dispute, the parties are entitled to a meaningful hearing to present their differing versions of the facts); Kaepa v. Achilles Corp., 76 F.3d 624, 628 (5th Cir. 1993);

Valadez v. City of San Antonio, 2021 U. S. Dist. LEXIS 22082, 2021 WL 411148, at *11 (W. D. Tex. 2021).

## STANDARD OF REVIEW

"[A] preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." AbbVie, Inc. v. Fitch, 152 F.4th 635, 642 (5th Cir. 2025) (emphasis added). To obtain a preliminary injunction, it is the movant's burden to establish: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. Jones v. Tex. Dep't of Crim. Justice, 880 F.3d 756, 759 (5th Cir. 2018) (quoting Byrum v. Landreth, 566 F.3d 442, 445 (5th Cir. 2009)). The government's and the public's interests merge when the government is a party. Mock v. Garland, 75 F.4th 563, 577 (5th Cir. 2023) (citing Nken v. Holder, 556 U.S. 418, 435 (2009)). A preliminary injunction "must be the product of reasoned application of the four factors held to be necessary prerequisites." Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir. 1985) (quoting Fla. Med. Ass'n v. H.E.W., 601 F.2d 199, 202 (5th Cir. 1979)). "The movant has the heavy burden of persuading the district court that all four elements are satisfied." Hardin v. Houston Chron. Pub. Co., 572 F.2d 1106, 1107 (5th Cir. 1978) (per curiam). "[I]f the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue and, if issued, will be vacated on appeal." *Enter. Int'l, Inc.*, 762 F.2d at 472.

## ARGUMENT

### I. PLAINTIFFS ARE UNLIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS.

#### A. Plaintiffs' claims against the members of the TTUS Board of Regents are barred by sovereign immunity.

Sovereign immunity applies, and Plaintiff cannot obtain equitable relief against the members of the Board of Regents. Because Plaintiffs sued all Defendants in their official capacities, this suit is in effect a suit against the State of Texas. Because Plaintiffs do not argue that sovereign

immunity has been waived or that any Defendants have consented to suit, all Defendants are entitled to sovereign immunity, and the Eleventh Amendment bars this suit unless Plaintiffs show the narrow exception of *Ex parte Young* applies.

The nine Defendants who are individual members of the Board of Regents are improper defendants who are not within the *Ex parte Young* exception. They do not have a "particular duty to enforce" the challenged Creighton Memoranda. Although the Board of Regents has general authority over the Texas Tech University System, a "'general duty to enforce the [policy] is insufficient.'" *Mi Familia Vota*, 105 F.4th at 326 (quoting *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020)).

The Plaintiffs have not shown that the members of the Board of Regents have a "demonstrated willingness to exercise" any (nonexistent) particularized duty to enforce the Creighton Memoranda. See *National Press Phot. Ass'n v. McCraw*, 90 F.4th 770, 786-87 (5th Cir. 2024). Nor have Plaintiffs shown that any member of the Board of Regents, through his or her personal conduct, "compel[s] or constrain[s persons]" to violate the First Amendment.

Therefore, the members of the TTUS Board of Regents retain their sovereign immunity and are improper defendants under *Ex parte Young*. Sovereign immunity precludes the subject matter jurisdiction of the Court. Thus, Plaintiffs cannot show a likelihood of success on the merits as to any claim for which sovereign immunity applies.

## B. Plaintiffs lack standing.

Plaintiffs have failed to show standing against the Defendants sued in their official capacity. To establish standing, a plaintiff must, among other things, allege that they have suffered an injury in fact. The required injury in fact must be concrete, particularized, and actual or imminent. Standing is not dispensed in gross; Plaintiffs must show that standing exists as to each individual defendant and as to each cause of action.

Plaintiffs have suffered no such injury in fact that is concrete, particularized, and actual or imminent as a result of the Creighton Memoranda. There is no allegation that any members of Plaintiffs have been the subject of any disciplinary action by any Defendants to enforce the

Creighton Memoranda. There is no allegation that any such action directed at any of Plaintiffs' members is imminent or certainly impending. Plaintiffs' only attempt to allege injury in fact with respect to their First Amendment claim is this claim in Para. 9 of their Complaint:

> Plaintiffs' members, who teach in the Texas Tech system, have experienced direct and continued harm due to the Creighton Memoranda. Besides the mandated censorship of materials, the restrictions in the Creighton Memoranda also caused Plaintiffs' members to immediately and constructively self-censor constitutionally protected speech about, race, gender identity, and sexual orientation.

Assuming Plaintiffs' members "self-censored" TTUS courses or their classroom teaching of TTUS courses, they were not self-censoring any constitutionally protected speech. That is because such speech is not protected by the First Amendment under the *Garcetti* case and its progeny. But, importantly for standing, "self-censorship" is not an injury in fact. A plaintiff "cannot manufacture standing by self-censoring her speech based on what she considers to be a reasonable possibility" of adverse consequences from that speech. *Glass v. Paxton*, 900 F.3d 233, 242 (5th Cir. 2018). In such instances – and in this instance -- no injury is "certainly impending" and no First Amendment standing exists.

And in any event, it is TTUS, and not Plaintiffs' members, who have the legal right to determine what courses will be taught at TTUS, and the content of those courses. While TTUS faculty have First Amendment rights in connection with many of their non-classroom activities, the courses TTUS pays them to teach, and their speech in teaching those courses, is their employer's speech and is not protected by the First Amendment. *See, e.g., Garcetti v. Ceballos*, 547 U. S. 410, 420-21 (2006) (speech by a government employee pursuant to his or her duties is not protected by the First Amendment); *Davis v. McKinney*, 518 F.3d 304 (5th Cir. 2008); *Lowery v. Mills*, 2024 U. S. Dist. LEXIS 180396 (W. D. Tex. 2024); *Jackson v. Texas Southern Univ.*, 997 F. Supp.2d 613 (S. D. Tex. 2014. Although the *Garcetti* case reserved the issue of whether its First Amendment rule applies in the university setting, there is no principled basis to conclude that the

First Amendment allows the state to determine what will be taught in its public high schools but not in its public universities.

Because TTUS has a right to determine the courses that will be taught in its institutions, teaching those courses is speech by faculty *members pursuant to their duties to their employer*. Plaintiffs have alleged and can show no First Amendment injury in fact, especially since they allege no disciplinary action against them by any Defendants as a result of the Creighton Memoranda.

### C. Plaintiffs' Claims are not Ripe.

Plaintiffs' Complaint misunderstands the Creighton Memoranda. They are not statutes, orders, or agency rules that act on Plaintiffs. Instead, they are policy documents that created a process for review of courses taught at TTUS. That course review, which included opportunities for interaction between TTUS faculty and administrators, ultimately resulted in a modest number of changes to TTUS courses and their content in the spring semester of 2026. The *results* of that course review, and not the Creighton Memoranda themselves, potentially have some concrete and particularized effect on Plaintiffs' members. But Plaintiffs do not even allege that those results have yet had any such concrete and particularized effects.

Because the Creighton Memoranda are policy documents rather that final actions of TTUS that directly act on Plaintiffs, Plaintiffs' claims are not ripe. As a result, Plaintiffs lack standing for this additional reason and the Creighton Memoranda cannot properly be the basis of any preliminary injunction.

## II. PLAINTIFFS ARE UNLIKELY TO SUCCEED ON THE MERITS.

### A. Defendants have Not Violated Plaintiffs' First Amendment Rights.

It is TTUS, and not Plaintiffs' members, who have the legal right to determine what courses will be taught at TTUS and the content of those courses. While TTUS faculty have First Amendment rights in connection with many of their activities outside the classroom, the courses TTUS allows them to teach and their speech in teaching those courses is their employer's speech and is not protected by the First Amendment. *See, e.g., Garcetti v. Ceballos*, 547 U. S. 410, 420-21 (2006) (speech by a government employee pursuant to his or her duties is not protected by the First

Amendment); *Davis v. McKinney*, 518 F.3d 304 (5th Cir. 2008); *Lowery v. Mills*, 2024 U. S. Dist. LEXIS 180396 (W. D. Tex. 2024); *Jackson v. Texas Southern Univ.*, 997 F. Supp.2d 613 (S. D. Tex. 2014. Although the *Garcetti* case reserved the issue of whether its First Amendment rule applies in the university setting, there is no principled basis to conclude that the First Amendment allows the state to determine what will be taught in its public high schools but not in its public universities.

Under the Creighton Memoranda, TTUS faculty members have the right to express their views as to race, gender identity, and sexual orientation in their writings, research, speeches, protests, and other activities. But they don't have any First Amendment right to teach course content at TTUS that is inconsistent with what TTUS determines should be taught to its students at TTUS. What is taught in the classrooms at TTUS is done pursuant to the faculty's duties to TTUS and is not protected by the First Amendment. Plaintiffs First Amendment claims therefore are unlikely to succeed on the merits.

1. **Plaintiff' Vagueness Claims Lack Any Merit.**

Plaintiffs claim that the Creighton Memoranda violate the Fourteenth Amendment because they proscribe Plaintiffs' conduct in terms that "confuse" Plaintiffs' members. First, the Creighton Memoranda themselves do not proscribe conduct at all; they are policy memoranda that set up a process of course review. That review process, which includes interaction with TTUS faculty, ultimately results in approved contents of course at TTUS.

Faculty members at TTUS then are expected to teach the approved course content. If they truly are confused about what is or is not approved course content, they can seek guidance from their department heads or from TTUS administration. Plaintiffs fail to allege in their Complaint that any faculty member has been disciplined or otherwise suffered any concrete injury as a result of the alleged vagueness of the Creighton Memoranda. Plaintiffs have not alleged and cannot show that Plaintiffs have been deprived of their "lives, liberty, or property" in violation of the Fourteenth Amendment by reason of any alleged vagueness of the Creighton Memoranda.

The Fifth Circuit, in civil cases like this one, will not hold a challenged ordinance unconstitutionally vague if "it is clear what the ordinance as a whole prohibits" or if it is not vague

in the vast majority of its intended applications." *Woodlands Pride, Inc. v. Paxton*, 168 F.4th 293 (5th Cir. 2026), quoting *Roy v. City of Monroe*, 950 F.3d 245, 252 (5th Cir. 2020). That standard is easily met here, but a lower standard applies here because Plaintiffs' classroom teaching is not protected by the First Amendment. The Fifth Circuit recently stated:

> Prevailing in a void-for-vagueness challenge requires a plaintiff to establish that the law is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard but rather in the sense that no standard of conduct is specified at all. Therefore, a challenger bears the weighty burden of demonstrating that the law is impermissibly vague in all its applications.

*La Union de Pueblo Entero v. Abbott*, 167 F.4th 743, 756 (5th Cir. 2026). Plaintiffs have not and cannot carry that weighty burden as to the Creighton Memoranda.

Moreover, a vagueness challenge requires the plaintiff to examine its *own* conduct before analyzing other hypothetical applications of the law. If the plaintiff engages in conduct that is clearly proscribed, he is barred from pursuing a void-for-vagueness challenge. *Id.* at 756-57, quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U. S. 489, 495 (1982).

For all these reasons, Plaintiffs cannot show a likelihood of success on their vagueness claims.

## B. The Balance of Harms and Public Interest Decisively Tip in Favor of TTUS.

Defendants approved and issued the Creighton Memoranda in accordance with S. B. 37, legislation approved by the Texas Legislature and signed by Governor Abbott. Although many may disagree with the result of democratic processes, they cannot deny that the Creighton Memoranda reflects the will of the people of Texas through their duly elected representatives. That is democracy, and by definition it is in the public interest to carry out the laws as determined by the democratic process where, as here, the law is constitutional.

The public interest lies in ensuring that taxpayer funds and student tuition go toward course instruction that prepares students for future employment and citizenship. Coursework that indoctrinates students with left-wing theories and gender ideology rather than educates them with

useful knowledge is *not* in the public interest, as determined by the democratic process. Defendants' action in approving and issuing the Creighton Memoranda therefore was in the best interests of the State of Texas and TTUS students. An injunction to prohibit enforcement of the Creighton Memoranda would be decidedly against the public interest.

Similarly, the harm to TTUS and its students from an injunction against the Creighton Memoranda would substantially outweigh any possible intangible harm to Plaintiffs' members at TTUS from teaching their classes in accordance with the content of those classes approved by TTUS.

## CONCLUSION

For the foregoing reasons, the TTUS Defendants respectfully request that the Court deny Plaintiffs' motion for preliminary injunction.

Date: August 12, 2024

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

WADE A. JOHNSON
Deputy Chief, Special Litigation Division
Texas State Bar No. 24062197
wade.johnson@oag.texas.gov

*/s/ David Bryant*
DAVID BRYANT
Senior Special Counsel
Texas State Bar No. 03281500
david.bryant@oag.texas.gov

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on July 31, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

*/s/ David Bryant*
DAVID BRYANT