**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

TEXAS AMERICAN ASSOCIATION OF
UNIVERSITY PROFESSORS-AMERICAN
FEDERATION OF TEACHERS and
AMERICAN ASSOCIATION OF
UNIVERSITY PROFESSORS

     *Plaintiffs*,

     v.

BRANDON CREIGHTON in his official
capacity as Chancellor of the Texas Tech
University System, ARCILIA ACOSTA,
CODY CAMPBELL, CLAY CASH, TIM
CULP, SHELLEY SWEATT, DOUG
MCREAKEN, DON SINCLAIR, DUSTIN
WOMBLE, and RACHEL MCLELLAND, in
their official capacities as members of the
Texas Tech University System Board of
Regents,

     *Defendants*.

Case No. 3:26-cv-01845-LS

**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE
RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs moved for a Preliminary Injunction on July 17, 2026 because they are suffering

irreparable harm due to the Creighton Memoranda. *See* Pls.' Opposed Mot. For Prelim. Inj., ECF

No. 19. The implementation of the Creighton Memoranda has, for example, required Plaintiffs'

members to deny medical training about transgender patients to medical students, remove books

about Black communities from their courses, and remove songs in a language course merely

because they mention members of the LGBTQIA community. *See* Member A. Decl. Exs. A, B, D,

- 1 -

ECF Nos. 19-3, 19-4, 19-6; Member B. Decl. ECF. No. 19-7, Member C. Decl. Ex. D, ECF No. 19-12; Member D. Decl. Ex. D, ECF No. 19-17. These First Amendment harms will continue in the Fall 2026 semester if the Creighton Memoranda are not enjoined by August 24, 2026. *See* Compl., ECF No. 1 ¶ 18.

Yet, in an attempt to block the urgent relief Plaintiffs seek in this action, Defendants request an indeterminate extension of time to file their response to Plaintiffs' Motion for Preliminary Injunction due to an emergency of their own creation.[1] *See* Opposed Expedited Mot. for Extension of Time to File Resp. to Pls.' Mot. for Prelim. Inj. [ECF. No. 19], ECF. No. 29. Defendants ask the Court to extend the deadline "until ten days after the venue of this action is determined by this Court and any discovery related to the Motion for Preliminary Injunction has been completed." *Id.* at 3. This is a patently meritless request because Defendants have yet to file a motion to transfer venue and have not identified a need for discovery.

The current briefing schedule will render the Plaintiffs' request for Preliminary Injunction ripe on August 7, 2026. Importantly, the requested delay ignores the Texas Tech system's rapidly approaching Fall 2026 semester, which is scheduled to begin on August 24, 2026. The requested indeterminate extension of time would effectively deny Plaintiffs preliminary relief before Defendants even submit their opposition. To prevent Plaintiffs' irreparable injuries from the infringement of their First Amendment rights happening across the Texas Tech system, this Court should deny Defendants' request. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) ("[L]oss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (citation modified).

---

[1] Defendants waited until July 28 to ask Plaintiffs' counsel to consent to an extension—and until July 30 to ask the Court—for a July 31 Court deadline based on a yet-to-be-filed motion to transfer that they first discussed with Plaintiffs' counsel on July 15, 2026. ECF. No. 30.

**ARGUMENT**

In support of their motion, Defendants argue *first* that venue transfer motions take "top priority" in cases, *second*, that they are entitled to discovery ahead of filing their response to the preliminary injunction, and *third*, that Plaintiffs' voluminous submissions warrant additional time. In their motion Defendants do not point to any extenuating circumstances that justify any delay in the briefing schedule. Indeed, Defendants fail to convey any rationale to the Court—outside of their preferences, framed as arguments—as to why Defendants cannot comply with the standard briefing schedule of the Western District of Texas. Moreover, none of these arguments are supportable from case law or jurisdictional principles. Plaintiffs address each of Defendants' arguments in turn below.

I. **Defendants Have Not Justified Delaying a Preliminary Injunction Nor the Resultant Irreparable First Amendment Harm From the Delay.**

Defendants' request to stay preliminary injunction briefing in order to rule on a yet-to-be-filed motion to transfer venue should be denied because 1) Plaintiffs will face irreparable harm if their preliminary injunction is not adjudicated as soon as possible, and 2) courts routinely rule on motions for a preliminary injunction while a transfer motion is pending to prevent irreparable harm and because venue has no bearing on a court's jurisdiction to hear a case or the adjudication of a preliminary injunction.

Plaintiffs acknowledge that "[d]istrict courts have wide discretion in managing their docket" and may decide competing motions for a preliminary injunction and motion to transfer in the order they so choose. *See In re Ft. Worth Chamber of Com.*, 100 F.4th 528, 535 (5th Cir. 2024). Even so, when Plaintiffs face irreparable harm, courts may rule on a preliminary injunction motion prior to a motion to transfer, especially when a delay caused by the motion to transfer may constitute the practical effect of denying of Plaintiffs' preliminary injunction motion. *Id.* (finding

"the district court effectively denied the Chamber's motion for a preliminary injunction by not promptly ruling on it by and by instead opting to hear an unrelated [transfer] motion *sua sponte*."). This is because a "fast-closing window . . . demanded faster review of the motion for a preliminary injunction." *Id; See also Scrum All., Inc. v. Scrum, Inc.,* No. 4:20-CV-00227, 2020 WL 4016110, at \*3 n.4 (E.D. Tex. July 16, 2020) ("Defendants cite to no case law holding that a court cannot issue a preliminary injunction while improper-venue and § 1404-transfer arguments remain pending. Accordingly, the Court need not rule on Defendants' motion to dismiss prior to issuing this preliminary injunction …").

As the Fifth Circuit notes, "what constitutes an effective denial is contextual," *id.,* and the delay must be "sufficiently serious" and "greater than the harm suffered by any litigant forced to wait." *Space Expl. Techs., Corp. v. Natl. Lab. Rel. Bd.*, 129 F.4th 906, 910 (5th Cir. 2025) (citing *Sherri A.D. v. Kirby*, 975 F.2d 193, 204 n.15 (5th Cir. 1992)).[2] For example, in *Fort Worth*, even though "only *one* month has passed since the motion for a preliminary injunction was filed," the court nevertheless found effective denial by the district court because of "the urgency of preliminary relief as a means of preserving the opportunity for *effective* permanent relief." 100 F.4th at 534. (emphasis in original) (citation modified).

Here, Plaintiffs' members continue to suffer from irreparable harm due to the Creighton Memoranda. That harm will become significantly more entrenched should the adjudication of Plaintiffs' preliminary injunction motion extend past August 24, 2026, when classes for the 2026-

---

[2] In *Space Exploration Technologies, Corporation,* the court declined to find Plaintiff's motion for a preliminary injunction was effectively denied because "[n]othing indicates that SpaceX would suffer any consequences [from delay]" and "requested a ruling 'no later than May 2, 2024' for the first time on April 26." 129 F.4th at 910–11. In contrast, here, Plaintiffs' members will experience clear irrevocable harm from a delay, and Plaintiffs demonstrate significantly greater diligence on expressing urgency for a preliminary injunction.

2027 academic year officially begin across the Texas Tech system.[3] As Plaintiffs' members made painstakingly clear, mid-semester syllabus alterations are difficult to implement and significantly disrupt the course planning process for faculty and the learning experience for students. *See* Member C. Decl. ¶¶ 8–11, ECF No. 19-8; Member A. Decl. ¶ 12, ECF No. 19-3. Faculty plan what they plan to teach during the semester in advance. While the censorship system remains in place, faculty are effectively barred from even *planning* to teach potentially banned material for the fall semester. Moreover, it is likely that course content censored at the start of the semester will remain censored until the semester ends in December, given that academic content like coursework, lectures, and reading lists are essentially fixed once the semester commences.

Most significantly, because Creighton Memorandum II requires a phaseout of the Women and Gender Studies program starting on June 15, 2026, and Plaintiffs' Member D is the department's only full-time faculty, each day of delay is another day Member D's employment is at risk until they eventually lose their job. *See* Member D Decl. ¶ 31, ECF No. 19-13. Additionally, all of Plaintiffs' members are subject to censorship for the Fall 2026 semester and have already had to attest to not teaching content prohibited by the Creighton Memoranda. *See* ECF No. 1 ¶ 18. Therefore, we request this Court first address Plaintiffs' time-sensitive preliminary injunction motion to prevent irreparable harm to Plaintiffs' Members before turning to Defendants' transfer motion, which not yet been made and, in fact, "can be made at any time." *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 412 n. 7 (S.D. Tex. 2016); *see also In re Chamber of Com. of U.S. of Am.*, 105 F.4th 297, 307 (5th Cir. 2024) ("[A] district court doesn't foreclose § 1404(a) transfer by ruling on a preliminary injunction that requires prompt attention.").

---

[3] *2026-2027 Official Academic Calendar at a Glance (Tentative)*, Tex. Tech Univ. Sys., https://www.depts.ttu.edu/officialpublications/calendar/26-27_cal_glance.php (last visited July 27, 2026).

Defendants' requested delay is further undermined by the propriety of the present venue in the Western District. Should Defendants eventually file a motion to transfer venue, Plaintiffs intend to argue that the Court should deny that request under 28 U.S.C. § 1404. But even a successful transfer would not affect the adjudication of Plaintiffs' preliminary injunction motion. This Court—like any federal court in Texas—has jurisdiction over Defendants who were served in Texas. *See* F.R.C.P. 4(k)(1)(A). Thus, the venue consideration in this case is not jurisdictional.

Since "venue is distinct from jurisdiction," *Driscoll v. New Orleans Steamboat Co.,* 633 F.2d 1158, 1159 n.1 (5th Cir. 1981), and given the time-sensitive nature of motions for a preliminary injunction, courts often rule on preliminary injunction motions prior to transfer and similar motions. *See Shirley v. Simms*, No. 3:22-CV-00091, 2022 WL 993893, at *2 (M.D. Tenn. Apr. 1, 2022) ("Due to the time-sensitive matters often raised in motions for preliminary injunctive relief, . . . the Court will review Plaintiff's Motions seeking such relief . . . prior to transfer."); *Nadhar v. Renaud*, No. CV-21-00275-PHX-DLR, 2021 WL 2401398, at *1 n.1 (D. Ariz. June 11, 2021) ("Given the time constraints, it is not feasible for the Court to resolve these other motions before addressing Plaintiffs' preliminary injunction motion."); *Erbsloeh Aluminum Sols., Inc. v. MueKo Mach., Inc.*, 2022 WL 4986608, at *1 (W.D. Mich. Aug. 11, 2022) (rejecting defendant's argument that the court should have resolved the motion to compel arbitration before granting preliminary injunction).

Resolving a ripe preliminary injunction motion expeditiously is especially important when First Amendment rights are at stake given that Plaintiffs experience irreparable harm with each day the curricular censorship system remains in place. *See Prisoners' Legal Servs. of New York v. U.S. Dep't of Homeland Sec.,* No. 25-CV-1965 (GHW) (VF), 2025 WL 2466664, at *7 (S.D.N.Y. Aug. 5, 2025) ("[R]esolving the preliminary injunction motion first [before the motion to transfer]

is particularly appropriate . . . . [as] Plaintiffs allege that the continued use of the November 2024 Policy . . . violat[es] their First Amendment rights."); *Def. Distributed v. Bruck*, 30 F.4th 414, 421, 421 n.2, 427 (5th Cir. 2022) (directing district court to "entertain a motion for preliminary injunction expeditiously" and condemning "tactics suggesting the abusive manipulation of federal court procedures in order to delay."); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (citation modified) (finding "the district court erred . . . in failing to act expeditiously" because "holding the intervention motion in abeyance was a delay that was effectively a denial of any right to contemporaneous access—where '[e]ach passing day may constitute a separate and cognizable infringement of the First Amendment…'").

The sole case cited by Defendants for the proposition that their transfer motion should be decided before a preliminary injunction motion, *In re TikTok*, did not even involve a preliminary injunction motion, so its holding has little, if any, precedential value on the question before this Court. *See* ECF. No. 29 at 3 (citing *In re TikTok, Inc.*, 85 F.4th 352, 362 (5th Cir. 2023)). Rather, the district court had delayed ruling on a motion to transfer for 11 months while discovery was ongoing, causing the Fifth Circuit to find that the "district court [] disregard[ed] [the] command [to prioritize the § 1404(a)] motion] without reason by taking an excessively long time to rule." *Id.* at 362-63 (citation modified). Here, Defendants *have not even filed* their motion to transfer— there is simply no way that this Court would be taking an "excessively long time to rule" by continuing the briefing schedule for the already-filed preliminary injunction. *Id.* For these reasons, the Court should deny Defendants' motion.

## II.     Defendants Are Not "Entitled" to Discovery Before Their Response to the Motion for Preliminary Injunction.

The Fifth Circuit recognizes that district courts may use their discretion to allow or deny evidentiary hearings—including discovery—before deciding a preliminary injunction. *See*

*Anderson v. Jackson,* 556 F.3d 351, 361 (5th Cir. 2009). However, to grant an evidentiary hearing, let alone discovery, Defendants must show there is a factual dispute. *See PCI Transp., Inc. v. Fort Worth & W. R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005). When there is a factual dispute, "the notice requirement of Rule 65(a)(1)" requires the parties to have "a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Kaepa, Inc. v. Achilles Corp.,* 76 F.3d 624, 628 (5th Cir. 1996) (citation modified). By contrast, if there is no factual dispute, "no oral hearing is required; under such circumstances the parties need only be given 'ample opportunity to present their respective views of the legal issues involved.'" *Id.*

The plaintiffs in *Anderson* sought a preliminary injunction, which the district court denied without holding an evidentiary hearing. 556 F.3d at 355. The Fifth Circuit upheld this decision because the "district court did not rely on any disputed facts in determining whether the injunction should issue. Moreover, the district court allowed extensive briefing on the preliminary injunction issue and held a telephone conference where each side presented its claims. The requirements of Rule 65(a)(1) were thus met." *Id.* at 361. Similarly, in *Kaepa,* the Fifth Circuit recognized that since the "the district court did not rely on any disputed facts" when deciding the injunction, its issuance of the injunction based on the briefs submitted by the parties was appropriate. 76 F.3d at 628.

Courts have long recognized that "in many instances there is no serious dispute about the facts, the issues … [instead] concern the meaning and applicability of a statute or common law rule. The taking of evidence would serve little purpose in such cases; argument is what the judge requires." *Sec. & Exch. Comm'n v. Frank*, 388 F.2d 486, 490 (2d Cir. 1968). And to be certain,

Defendants are not asking for discovery ahead of a preliminary injunction *hearing,* but to delay *briefing* to conduct discovery before they have even identified the need for such discovery.

Defendants have not yet pointed to any disputed facts, and they would have trouble doing so: Plaintiffs' members received written censorship decisions to comply with a written censorship policy. This Court can issue an injunction based solely on the words Defendants themselves drafted and transmitted—via the Creighton Memoranda and censorship decisions—to Plaintiffs' members. *See* Member A. Decl. Exs. A, B, D, ECF Nos. 19-3, 19-4, 19-6; Member C. Decl. Ex. D, ECF No. 19-12; Member D. Decl. Ex. D, ECF No. 19-17. True, one declarant reports censorship via a verbal order, but Defendants have not contested that fact, nor is that fact dispositive of the issuance of an injunction. *See* Member B Decl. ¶ 5, ECF No. 19-7.

To be sure, Plaintiffs welcome oral argument on the preliminary injunction motion. *See Sec. & Exch. Comm'n,* 388 F.2d at 490. But this is a case about the First Amendment, turning on issues of law, with undisputed facts. Irreparable harm will result from any delay in fully briefing the preliminary injunction proceedings. *See Cuomo*, 592 U.S. at 19.

III.   **Defendants are the Custodians of the Majority of Plaintiffs' Evidentiary Submissions, and their Volume Does not Warrant an Extension.**

Defendants argue that, due to the volume of documents involved in Plaintiffs' preliminary injunction motion, they should receive more time. However, Defendants themselves are the custodians of the majority of these documents. Except for the declarations from Plaintiffs' members, the exhibits are comprised of declarants' syllabi and course modification documents, which Defendants either created themselves or have been in possession of for months. *See* Member A. Decl. Exs. A, B, D, ECF Nos. 19-3, 19-4, 19-6; Member C. Decl. Ex. D, ECF No. 19-12; Member D. Decl. Ex. D, ECF No. 19-17. Not only are the course syllabi already in Defendants' possession, but they are also publicly available due to state law. *See* Tex. Educ. Code § 51.974. In

addition, the course modification documents that Plaintiffs submitted in support of their motion for a preliminary injunction were issued by Defendants themselves. *See* Member A. Decl. Exs. A, B, D, ECF Nos. 19-3, 19-4, 19-6; Member C. Decl. Ex. D, ECF No. 19-12; Member D. Decl. Ex. D, ECF No. 19-17. What is clear is that Defendants' arguments do not withstand scrutiny. Because of the relatively small factual universe of the motion for preliminary injunction, the standard two-week period constituted more than sufficient time to submit a response.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court maintain the present briefing schedule on Plaintiffs' Motion for Preliminary Injunction.

*[signatures on following page]*

DATED this 3rd day of August 2026.

Respectfully submitted,

___*Antonio L. Ingram II*_____
Antonio L. Ingram II
Avatara A. Smith-Carrington (a*dmitted PHV)*
Maydrian Strozier-Lowe *(admitted PHV*)
Alyssa Gordon (*admitted PHV*)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, D.C. 20005
aingram@naacpldf.org
acarrington@naacpldf.org
mstrozier-lowe@naacpldf.org
agordon@naacpldf.org
(202) 682-1300
FAX: (202) 682-1312

Christina Das (a*dmitted PHV*)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, N.Y. 10006
cdas@naacpldf.org
(212) 965-2200
FAX: (212) 226-7592

Nicholas Hite (a*dmitted PHV*)
Elizabeth Dankers (a*dmitted PHV*)
Kenneth D. Upton, Jr. (SBN 00797972)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
nhite@lambdalegal.org
ldankers@lambdalegal.org
kupton@lambdalegal.org
Phone: (214) 219-8585
FAX: (855) 535-2236

Katherine M. Bolger (a*dmitted PHV*)
Rachel A. Strom (a*dmitted PHV*)
Leena Charlton (a*dmitted PHV*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Fl.
New York, New York 10020
katebolger@dwt.com
rachelstrom@dwt.com
leenacharlton@dwt.com
Tel.: (212) 489-8230
Fax: (212) 489-8340