**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| TEXAS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS AND THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,<br>*Plaintiffs,*<br>v.<br>BRANDON CREIGHTON, IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE TEXAS TECH UNIVERSITY SYSTEM, *et al.*,<br>*Defendants.* | CIVIL ACTION NO. 3:26-cv-01845-LS |

**DEFENDANTS' OBJECTION AND MOTION TO STRIKE DECLARATION OF CARL B. DWYER, JR.**

Defendants Brandon Creighton, in his official capacity as Chancellor of the Texas Tech University System and Arcilia Acosta, Cody Campbell, Clay Cash, Tim Culp, Shelley Sweat, Doug McReaken, Don Sinclair, Dustin Womble, and Rachel McLelland, in their official capacities as Members of the Texas Tech University System ("TTUS") Board of Regents, hereby object to and move to strike the Declaration of Carl B. Dwyer, Jr., filed as Exhibit A to Plaintiffs' Opposition to Defendants' Motion to Dismiss or Motion to Transfer, ECF No. 38-1, and would show the Court as follows:

**BACKGROUND AND RELEVANT FACTS**

Plaintiffs Texas American Association of University Professors – American Federation of Teachers ("Texas Professors Union") and the American Association of University Professors ("National Professors Union") filed this action in the United States District Court for the Western District of Texas, El Paso Division, on July 8, 2026. ECF No. 1. Plaintiffs seek declaratory and injunctive relief against the Chancellor of the Texas Tech University System ("TTUS"), and the nine members of the TTUS Board of Regents. All Defendants are sued solely in their official capacities.

On August 5, 2026, all Defendants filed their Motion to Dismiss or Motion to Transfer. ECF No. 37. Defendants supported that Motion with the Declaration of Eric D. Bentley, Vice Chancellor and General Counsel of the "Texas Tech University System ("TTUS"). Mr. Bentley established the following facts in his Declaration, which was *expressly based on his personal knowledge*:

1. TTUS is headquartered in Lubbock, Texas, in the Northern District of Texas.
2. The "Creighton Memoranda", of which Plaintiffs complain in this action, were created, approved, and issued at Lubbock, Texas, in the Northern District of Texas.
3. Over 98 percent of the students enrolled in the TTUS are students in TTUS universities and institutions in the Northern District of Texas.
4. An overwhelming majority of Plaintiffs' faculty members who work in the TTUS work in the Northern District of Texas.
5. The events which gave rise to the claims of Plaintiffs in this action substantially occurred in the Northern District of Texas, and not in the Western District of Texas.

Plaintiffs filed "Plaintiffs' Opposition to Defendants' Motion to Dismiss or Motion to Transfer" on August 19, 2026. ECF No. 38 (the "Opposition"). Plaintiffs supported their Opposition only with a Declaration of Mr. Carl B. Dwyer, Jr., attached as Exhibit A. ECF No. 38-1. In his Declaration, Mr. Dwyer does *not* state he made his Declaration based on his personal knowledge. The content of his Declaration makes it clear why Mr. Dwyer could not claim and did not claim to testify based on his personal knowledge only.

Mr. Dwyer in his Declaration states that he is President of the El Paso Branch of the NAACP. *Id.* ¶ 1. He details the history of the El Paso Branch of the NAACP, beginning in 1914. *Id.* ¶ 2-3. He states the mission of the El Paso Branch of the NAACP. *Id.* ¶ 4. Mr. Dwyer describes his distinguished 31-year career in the United States Army. *Id.* ¶ 5. Mr. Dwyer describes his years of work in assisting veterans after he retired from the Army. *Id.* ¶ 6.

Mr. Dwyer in his Declaration does not describe his education. He does not state that he has any education or training as a physician, dentist, or nurse.[1] He also does not state he is, or ever has been, licensed by Texas or any other state as a doctor, dentist, or nurse. He does not state that he is professionally qualified to teach at any TTUS university or institution, much less professionally qualified to evaluate or critique the quality of such teaching. Mr. Dwyer states that he served in the Army at William Beaumont Army Medical Center in Fort Bliss, where he "managed the organizational strength levels and employee certification training programs." Id. ¶ 5.

Mr. Dwyer does not, however, state in his Declaration that he is or ever has been a student, faculty member, or employee of any TTUS university or institution. He does not state that he has ever been an employee or a patient at TTUS Health Science Center El Paso. Indeed, Mr. Dwyer does not even claim he personally has ever seen or entered TTUS Health Science Center El Paso.

Mr. Dwyer also does not state that he has ever read the Creighton Memoranda that are challenged in this action. He does not claim that he has any personal knowledge of how the Creighton Memoranda have been implemented at TTUS Health Science Center El Paso. He does not claim to be an expert on any subject, including any subjects taught at TTUS Health Science Center El Paso.

Instead of providing any testimony that is within his personal knowledge in his Declaration, Mr. Dwyer attempts in his Declaration to speak *on behalf of others*. He purports to speak of the "concerns" and "fears" of an organization, the NAACP El Paso Branch. *Id.* ¶ 10. He states that "the NAACP El Paso Branch" is also "especially worried about how the Creighton Memoranda might affect the significant Black population at Fort Bliss and the Black veterans in the who live in our community." *Id.* ¶ 18. Mr. Dwyer provides no information as to how he determined the views of the organization, whether by vote, survey, or simply speculation.

---

[1] Texas Tech Health Science Center El Paso, about which Mr. Dwyer opines in his Declaration, trains physicians, dentists, and nurses to qualify as licensed professionals in those fields.

Mr. Dwyer also purports to speak on behalf of "our members at Texas Tech Health Science Center El Paso" but names no such members. *Id.* ¶ 16. Mr. Dwyer asserts that these unidentified members "can testify to how the Creighton Memoranda's prohibitions affect their coursework and ability to learn about healthcare disparities necessary to adequately treat patients in their profession and in our community." *Id.* Mr. Dwyer also asserts that "we also have other members within the El Paso community who can testify to the importance of health equity in the El Paso community and how limits censoring discussions on health disparities harm local public health."

Finally, Mr. Dwyer also purports to speak for unnamed other members by asserting:

> "Our members at Texas Tech Health Science Center El Paso would find it unduly burdensome to travel to Lubbock to provide testimony about the impacts of the Creighton Memoranda on the El Paso community given the demanding requirements or their coursework, the resulting disruption to their student learning environment, and the inflexible Texas Tech Health Science Center El Paso academic commitments they are obligated to follow." *Id.* ¶ 19.

Mr. Dwyer does not claim to have any personal knowledge about any of the above. To the extent he has any knowledge at all, it plainly is a result of speculation or a result of statements or assertions by unnamed third parties. That is classic inadmissible hearsay.

## I. MR. DWYER'S DECLARATION TESTIMONY IS NOT BASED ON PERSONAL KNOWLEDGE AND IS INADMISSIBLE.

The most fundamental requirement for an admissible declaration or affidavit is that it must be based on the declarant or affiant's personal knowledge. Fed. R. Ev. 602 states that "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

> Rule 602 is straightforward: a witness may testify only if they have personal knowledge. That rule guards against speculation,

> rumor, and the all-too-human temptation to guess. It is, and always has been, a prerequisite for admissible testimony.

*McCully-Chapman Expl., Inc. v. Ovintv, Inc.*, 2025 U. S. Dist. LEXIS 196676, 2025 WL 2619962 (W. D. Tex. 2025). *See BP Expl. & Prod. Corp. v. Cashman*, 2016 U. S. Dist. LEXIS 47781, 100 Fed. R. Ev. Serv. (Callaghan) 80 (S. D. Tex. 2016).

A declarant must not only have personal knowledge of the facts in the declaration, but "must include enough factual support to show the [declarant] possesses that knowledge." *Furlow v. Bullzeye Oilfield Serv.*, LLC, 2017 U. S. Dist. LEXIS 224679, 2017 WL 11049242 (W. D. Tex. 2017) at *7, quoting *Reyes v. Greater Tex. Finishing Corp*, 19 F. Supp. 2d 709, 712 (W. D. Tex. 1998). Absent a showing that a venue declaration establishes the requisite personal knowledge, courts will sustain objections to them and not consider them in determining a venue motion. *E. g., Rii Ins. Co. v. Caliente Oil*, 2018 U. S. Dist. LEXIS 242414 (W. D. Tex. 2018) at *7 n.2.

It is apparent that Mr. Dwyer's Declaration largely is *not* based on his personal knowledge.[2] He purports to speak for others in the El Paso Branch of the NAACP, or for the El Paso Branch itself, and to provide information that is obvious hearsay inadmissible under Federal Rule of Evidence 802. With declarations or affidavits, courts sometime will infer personal knowledge from a declarant's specific position within a company involved in the case. And declarants who assert in their declaration or affidavit that their testimony is based on their personal knowledge will have a presumption that this assertion is true. But neither of these circumstances apply here.

Mr. Dwyer apparently holds no position with either Plaintiffs or Defendants.[3] He makes no claim he has ever held any such position. He does not claim any current or past position or relationship with TTUS Health Science Center El Paso. And Mr. Dwyer does *not* claim in his

---

[2] The exceptions are Mr. Dwyer's testimony as to his own personal history, to which Defendants object only because it is irrelevant to the issues in this case.

[3] Mr. Dwyer's relationship may be with Plaintiffs' counsel, rather than with Plaintiffs, since Plaintiffs' attorneys are with the NAACP Legal Defense & Education Fund, Inc

Declaration that he has any personal knowledge of the facts and opinions set forth in his Declaration.

A witness may not rely on inadmissible hearsay as a substitute for his own knowledge. *Cardona v. Garland*, 2021 U. S. Dist. LEXIS140086, 2021 WL 3148868 (S. D. Tex. 2021) at *31, quoting *United States v. El-Mezain*, 664 F.3d 467, 495 (5th Cir. 2011):

> “A witness's testimony must be based on personal knowledge. United States v. $92,203.00 in U.S. Currency, 537 F.3d 504, 508 (5th Cir. 2008); see Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). The personal knowledge requirement and the hearsay rule "are cut at least in part from the same cloth," as Rule 602 prevents a witness from testifying about a hearsay statement upon which he has no personal knowledge. United States v. Quezada, 754 F.2d 1190, 1195 (5th Cir. 1985). It is axiomatic that a witness may not merely repeat the subject matter of a hearsay statement, nor may he rely on inadmissible hearsay as a substitute for his own knowledge. *Id*.”

The following statements (among others) in Mr. Dwyer’s Declaration are inadmissible because they are not within his personal knowledge; because they are based on speculation and/or inadmissible hearsay statements of third parties, see *Furlow v. Bullzeye Oilfield Serv*., LLC, 2017 U. S. Dist. LEXIS 224679, 2017 WL 11049242 (W. D. Tex. 2017) at **9-10 (striking affidavit in part because it didn’t identify others whose alleged hearsay statements were described); because the

Declaration provides no foundation for Mr. Dwyer's assertions as to others; and because (with one exception) they are irrelevant to the Motion to Dismiss or to Transfer Venue:[4]

1. "Our members at Texas Tech Health Science Center El Paso would find it unduly burdensome to travel to Lubbock to provide testimony about the impacts of the Creighton Memoranda on the El Paso community given the demanding requirements or their coursework, the resulting disruption to their student learning environment, and the inflexible Texas Tech Health Science Center El Paso academic commitments they are obligated to follow." *Id.* ¶ 19.

2. "At Texas Tech Health Science Center El Paso, we have members who are impacted by the Creighton Memoranda. Our membership at Texas Tech Health Science Center El Paso can testify to how Creighton Memoranda's prohibitions affect their coursework and ability to learn about health disparities necessary to adequately treat patients in their profession and in our community. We have other members within the El Paso Community who can testify to the importance of health equity in the El Paso community, and how limits censoring discussions on health disparities harm local public health". *Id.* ¶ 16.

3. "The NAACP El Paso Branch is also especially worried about how the Creighton Memoranda might affect the significant Black population at Fort Bliss and the Black veterans who live in our community." Id. ¶ 18.

Defendants object to and move to strike each of the above portions of Mr. Dwyer's Declaration for the reasons set forth above.

## II. Mr. Dwyer's Declaration Testimony Is Inadmissible Because He Is Not A Qualified Expert Witness and it is Improper Lay Witness Opinion Testimony.

Mr. Dwyer does not claim to be an expert witness on any subject. Moreover, he has not shown that he has education, training, or other qualifications that could cause this Court to accept him as an expert witness on any subject relevant to this case. See Fed. R. Ev. 702. Yet his Declaration impermissibly attempts to provide expert testimony on a wide variety of subjects on which he is not qualified to testify.

[4] The assertion in Para. 1 would be potentially relevant to the Motion to Dismiss or Transfer Venue if (a) it were made by the unnamed "members", rather than Mr. Dwyer; (b) if the student members stated that they actually wished to and intended to provide testimony at trial in this case; and (c) if the proposed testimony of the "members" on alleged "impacts" on students would be relevant. But Plaintiffs here assert only the alleged rights of TTUS faculty, and not any alleged rights of students. So the proposed testimony of these student members would not be relevant in any event.

Opinion testimony by non-experts is not permitted unless it (1) rationally based on the witness's perception; (2) helpful to a clear understanding of his testimony; and (3) not based on scientific, technical, or other specialized knowledge. Fed. R. Ev. 701. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 459-60 (5th Cir. 1996). Mr. Dwyer's opinions do not qualify as admissible lay witness opinion testimony.

In essence, the Federal Rules of Evidence provide that if a witness wants to testify as to his opinions on scientific, technical, or specialized matters, he must qualify as an expert witness. If, like Mr. Dwyer, he does *not* qualify as an expert witness, his opinion testimony must be limited to matters based on his *personal* perception and cannot be based on "scientific, technical, or other specialized knowledge." *Leyman v. Amazon Logistics, Inc.*, 2026 U. S. Dist. LEXIS 177094, 2026 WL 2284076 (N. D. Tex. 2026) at **3-4.

Mr. Dwyer's Declaration unfortunately provides non-expert testimony that is *not* based on his personal perception. Instead, it is based on a variety of purported scientific or otherwise specialized studies, reports, and articles by third parties that are cited extensively in his Declaration. See footnotes 1 through 17, ECF No. 38-1. That makes his opinion testimony (and the cited materials) inadmissible as improper testimony of a lay expert.

Mr. Dwyer opines in his Declaration about alleged "health disparities" among racial and ethnic groups generally; about what education is necessary for medical professionals to provide "high-quality health care"; about alleged "racial disparities in health outcomes present in West Texas"; and about alleged "major gaps in screening, risk awareness, and access to preventive care." ¶¶ 10, 11, 15. In addition to his testimony as a self-appointed public health and medical education expert, he also poses as an economics expert, ¶ 12; and an expert on housing, ¶ 14.

Mr. Dwyer then posits a supposed "solution to these disparities" and asserts -- without any citation at all -- that "Texas Tech Health Science Center El Paso was set up to do exactly this." ¶ 15. Of course, Mr. Dwyer claims no past or current connection to Texas Tech Health Science Center El Paso, so his assertion as to what that institution "was set up to do" is entirely speculative and groundless.

In summary, Mr. Dwyer is not qualified as an expert witness on any subject but asserts extensive lay-opinion testimony that is not permissible under Federal Rule of Evidence 701. His attempted testimony in his Declaration as a self-appointed expert on public health; medical practice and training; healthcare disparities; economics; and housing is inadmissible. Defendants object to such unqualified opinion testimony and move to strike all of it, and especially Paragraphs 14 through 18 of Mr. Dwyer's Declaration.

Accordingly, Defendants respectfully request that the Court sustain their objections set forth herein and strike the Declaration of Carl B. Dwyer, Jr. herein, or alternatively strike or not consider those portions thereof that the Court finds to be inadmissible.

Date: August 25, 2026

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division
Texas State Bar No.
ryan.kercher@oag.texas.gov

Respectfully submitted.

*/s/ David Bryant*
DAVID BRYANT
Attorney-in-Charge
Senior Special Counsel
Texas State Bar No. 03281500

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

david.bryant@oag.texas.gov

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on August 26, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

*/s/ David Bryant*
DAVID BRYANT