**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS EL PASO DIVISION**

TEXAS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS and AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,

*Plaintiffs*,

v.

BRANDON CREIGHTON, in his official capacity as Chancellor of the Texas Tech University System, ARCILIA ACOSTA, CODY CAMPBELL, CLAY CASH, TIM CULP, SHELLEY SWEATT, DOUG MCREAKEN, DON SINCLAIR, DUSTIN WOMBLE, and RACHEL MCLELLAND, in their official capacities as members of the Texas Tech University System Board of Regents,

*Defendants*.

Case No. 3:26-cv-01845-LS

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTION AND MOTION TO STRIKE DECLARATION OF CARL B. DWYER, JR.**

Plaintiffs respectfully request the Court to overrule Defendants' Objection to the Declaration of Carl B. Dwyer Jr. and deny Defendants' Motion to Strike the Declaration of Carl B. Dwyer Jr. under Federal Rules of Evidence 602 and 702.

**INTRODUCTION**

Defendants' Objection to and Motion to Strike the declaration of El Paso NAACP President Carl B. Dwyer Jr. ("Declaration") is meritless. First, as averred in his Declaration, President Dwyer Jr.'s statements are based on his personal knowledge, and controlling authorities demonstrate that someone in President Dwyer Jr.'s position can, based on personal knowledge, assert facts on behalf of members of the El Paso branch of the NAACP who are impacted by the implementation of the Creighton Memoranda at Texas Tech Health Sciences Center El Paso. Second, the Declaration is admissible evidence from a lay witness, who has personally observed—and thus has personal knowledge of— NAACP members' experiences with health care and health disparities in El Paso. ECF No. 35. The Declaration presents factual information about health disparities in the Black and Latino communities in El Paso and does not opine on the First and Fourteenth Amendment claims alleged by Plaintiffs. Accordingly, this Court should overrule Defendants' objections and deny Defendants' motion to strike.

**ARGUMENT**

Defendants seek to strike the Declaration because it is fatal to their attempt to improperly transfer venue out of the Western District of Texas. To do so, their motion obfuscates the purpose and contents of the Declaration. *See* ECF No. 40. They erroneously claim that the Declaration is not based on President Dwyer Jr.'s personal knowledge (it is) and that he lacks personal knowledge about the experience of members of the El Paso Branch of the NAACP (he does not). *Id.* at 4-5, 7. Defendants also make the puzzling and unsupported claim that President Dwyer Jr.'s Declaration

is being offered as inadmissible "expert testimony." *Id.* at 7. Each of these arguments is meritless and should not be accepted by this Court.

## I. President Dwyer Jr.'s Declaration is based on Personal Knowledge and is Admissible.

Defendants assert that President Dwyer Jr.'s declaration is inadmissible because he does not state that his declaration is based on personal knowledge. *Id.* at 2. However, the *first* paragraph of the Declaration expressly states, "I, Carl B. Dwyer Jr., hereby declare and state as follows: I currently serve as the President of the El Paso Branch of the NAACP, and *I have personal knowledge* of the matters set forth herein." ECF No. 38-1 ¶ 1 (emphasis added).[1] As federal courts in Texas have acknowledged, such language is sufficient to establish personal knowledge, even in declarations submitted during summary judgment proceedings under Rule 56 of the Federal Rules of Civil Procedure. *See Chamber of Com. of U.S. v. Fed. Trade Comm'n,* 820 F. Supp. 3d 473, 482 (E.D. Tex. 2026).

Nonetheless, Defendants argue that President Dwyer Jr. lacks personal knowledge because his Declaration speaks on behalf of NAACP members at the Texas Tech Health Sciences Center El Paso. But when a party proffers a declaration setting forth information that is reasonably within the declarant's position or "sphere of responsibility," that is sufficient for a finding of personal knowledge. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (declining to find the affidavit deficient for lack of personal knowledge because the affiant's position made him familiar with the information provided); *see also Council of Ins. Agents & Brokers v. Juarbe-Jimenez*, 443

---

[1] Even if President Dwyer Jr. had not expressly avowed personal knowledge, the Court still should not sustain Defendants' Objection or grant their Motion to Strike. The Fifth Circuit held that "while an affidavit certainly can explicitly state that it is based on 'personal knowledge,' there is no requirement for a set of magic words." *DIRECTV, Inc.*, 420 F.3d at 529–30. In this case, as explained, *infra*, it is clear that the content of the Declaration is based on President Dwyer's personal knowledge and experience.

F.3d 103, 111 n.10 (1st Cir. 2006) (finding that declarations from the president of a trade association came from personal knowledge because of the president's position).

Indeed, even when evaluating Article III standing, district courts in the Fifth Circuit routinely allow an organization's leaders to represent unnamed individuals who have been harmed by a defendant's actions. *See, e.g. Chamber of Com. of U.S.A.*, 820 F. Supp. 3d at 481–82; *Tex. v. Bureau of Alcohol, Tobacco, Firearms & Explosives,* 700 F. Supp. 3d 556, 566-67 (S.D. Tex. 2023); *Tiede v. Collier,* 796 F. Supp. 3d 275, 321-22 (W.D. Tex. 2025); *Tex. v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 737 F. Supp. 3d 426, 438–39 (N.D. Tex. 2024); *Tex. Bankers Ass'n v. Off. of the Comptroller*, 728 F. Supp. 3d 412, 419-20 (N.D. Tex. 2024) (finding associational standing based on organization's leader declaring to unnamed members' harm); *Texas v. BATFE*, No. 2:24-CV-89-Z, 2024 WL 2277848, at *4 (N.D. Tex. May 19, 2024) (same).

Plaintiffs proffer President Dwyer Jr.'s Declaration, in his capacity as President of the El Paso NAACP. The Declaration establishes the existence of NAACP members at Texas Tech Health Sciences Center El Paso who are impacted by the Creighton Memoranda and who could testify at trial about the enforcement of the Creighton Memoranda in El Paso. ECF No. 38-1 ¶ 16. President Dwyer Jr. has personal knowledge of the experiences and identities of the El Paso NAACP's affected members because of his role as President of that branch.

It is hardly unique that President Dwyer Jr., by virtue of his role within the El Paso NAACP, is offering testimony on behalf of its members. Indeed, federal courts across the country routinely allow NAACP branch presidents or high-ranking officials to provide declarations on behalf of their members. *See League of United Latin Am. Citizens v. Abbott,* No. EP21CV00259DCGJESJVB, 2022 WL 2806850, at *2-3 (W.D. Tex. July 18, 2022); *Simon v. Ivey*, No. 2:25-CV-00067-RDP, 2025 WL 2345845, at *23 (N.D. Ala. Aug. 13, 2025); *Nairne v. Ardoin*, No. CV 22-178-SDD-SDJ,

2023 WL 7673856, at *4 (M.D. La. Nov. 14, 2023); *League of Women Voters of Fla., Inc. v. Lee*, 595 F. Supp. 3d 1042, 1161 (N.D. Fla. 2022), *vacated in part,* No. 4:21cv187-MW/MAF, 2023 WL 12132596 (N.D. Fla. Nov. 15, 2023); *S.C. State Conf. of the NAACP v. Weaver*, No. 3:25-CV-487-SAL, 2025 WL 5071020, at *3 (D.S.C. Sept. 8, 2025), *aff'd in part, vacated in part, rev'd in part*, 181 F.4th 353 (4th Cir. 2026).

Defendants' contentions about President Dwyer Jr.'s credentials and experience are distractions meant to obscure the evidentiary purpose of his Declaration. The crux of President Dwyer Jr.'s declaration is the existence of El Paso NAACP members who are negatively affected by the implementation of the Creighton Memoranda at Texas Tech Health Sciences Center El Paso and would find it burdensome to travel to Lubbock. President Dwyer Jr. has personal knowledge of these facts. Defendants themselves underscored the importance of non-party witnesses in El Paso when they submitted a declaration alleging that no courses were "Modified Without Regent Review" or submitted for "ACS Review" in El Paso. ECF No. 41-1 ¶ 3.

As Plaintiffs explained in their Opposition to Defendants' Motion to Transfer, the evidence of censorship impacting students in the Northern District of Texas is captured through the written guidance of the Creighton Memoranda, lessening the need for witness testimony on that particular factual issue. ECF No. 38 at 9; ECF Nos. 19-6, 19-12, 19-17. Conversely, the impact of the Creighton Memoranda on the unique clinical nature of medical training and education cannot be reduced to written documents, causing witness testimony to be critical to substantiate Plaintiffs' allegations at trial. ECF No. 38 at 9. Indeed, the dearth of documentary evidence demonstrating the impact of Defendants' censorship on Texas Tech Health Sciences Center El Paso establishes the importance of venue in El Paso. ECF No. 41-1 ¶ 3.

Plaintiffs' members in El Paso and non-party NAACP members in El Paso, who work and study at Texas Tech Health Sciences Center El Paso, both have knowledge about the impacts of the Creighton Memoranda that are not captured by documentary evidence. ECF No. 1 ¶¶ 173–75; ECF No. 38-1 ¶1.

Above all, the existence of impacted El Paso NAACP members as non-parties provides significant weight against Defendants' Motion to Transfer, under 28 U.S.C. § 1404(a), because "it is the convenience of *non-party witnesses*, rather than of party witnesses, that is more important and accorded greater weight in a transfer of venue analysis." *Healthpoint, Ltd. v. Derma Scis., Inc.*, 939 F. Supp. 2d 680, 690 (W.D. Tex. 2013) (quoting *Frito Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 870–71 (E.D. Tex. 2012)).

## II. Plaintiffs Do Not Proffer the Dwyer Declaration as Expert Testimony, and His Declaration is Proper Lay Witness Testimony.

Defendants claim that Plaintiffs offer President Dwyer Jr.'s Declaration as expert testimony due to his citation to peer-reviewed studies. This assertion is meritless.

Plaintiffs do not offer President Dwyer Jr. as an expert witness or his declaration as an expert report. *See* Fed. R. Ev. 702. Instead, Plaintiffs offer President Dwyer Jr.'s declaration in his capacity as the President of the El Paso NAACP branch, which provides the Court with factual evidence about the existence of non-party witnesses—NAACP members, who are impacted by the Creighton Memoranda. ECF No. 38-1 ¶¶ 16, 19. The mere fact that President Dwyer Jr.'s Declaration provides citations to studies regarding health disparities facing Black and Latino communities in El Paso—studies of which he is aware, as demonstrated by his citations—does not convert his declaration into an expert report. ECF No. 38-1 ¶¶ 10, 12-15. A lay witness may provide opinions "rationally based on the witness's perception" that are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Indeed, the

studies cited in the Declaration inform and support the work of the El Paso NAACP's Health Committee to "(l) work to promote, protect and maintain the health of African Americans; (2) assess the health needs of the community; (3) advocate for equal access to health education, care, treatment and research for all Americans." ECF No. 38-1 ¶ 9.

The basis for President Dwyer Jr.'s opinion is not "technical or specialized knowledge" but rather, "just familiarity with the subjects." *United States v. Holmes,* 163 F.4th 547, 560 (9th Cir. 2025) (citation modified). "[A]n opinion is not automatically deemed 'expert' within the meaning of Rule 702 merely because it is offered by a lay witness drawing on their own unique experiences or personal knowledge." *Id.* As the President of the El Paso NAACP, an organization deeply engaged in health care advocacy for Black and Latino communities, President Dwyer Jr. has personal knowledge about the cited studies research conclusions because they are deeply relevant to the community he leads. None of the cited information is proffered as expert evidence, nor does it inherently constitute expert testimony. The propriety of President Dwyer Jr.'s Declaration is further supported by the Western District of Texas's acceptance of a declaration from the President of the Texas NAACP, Gary Bledsoe, regarding health disparities affecting Black NAACP members in Texas, like the disparities discussed in the Dwyer Declaration. *See Mi Familia Vota v. Abbott*, 497 F. Supp. 3d 195, 214-16 (W.D. Tex. 2020) (subsequent history omitted).

The Fifth Circuit has explained that the "distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Ebron*, 683 F.3d 105, 136-37 (5th Cir. 2012), *cert denied,* 571 U.S. 989 (2013). None of the information about health disparities that President Dwyer Jr. observes, every day, in El Paso as the President of the El Paso NAACP requires "a process of reasoning which can

be mastered only by specialists in the field." *Id.* at 137. He does not expand on the data, nor draw any conclusions beyond what is expressly stated in the cited studies. Indeed, the Fifth Circuit has found that "[l]ay witnesses may offer opinion testimony if it is rationally based on their perception, helpful to determining a fact in issue, and not based on specialized knowledge. Even if such testimony requires some specialized knowledge, it is admissible so long as the lay witness offers straightforward conclusions from observations informed by his [] experience." *United States v. Sanjar*, 876 F.3d 725, 738 (5th Cir. 2017), *cert denied,* 583 U.S. 893 (2017). President Dwyer Jr.'s declaration is based on his own, on-the-ground observations of health disparities gathered through his leadership role at the El Paso NAACP. The statistics cited in his Declaration merely buttress and corroborate his experience, and that data is not offered as expert evidence.

Furthermore, the content in President Dwyer Jr.'s Declaration provides context for why the El Paso NAACP, as a non-party to the case, has a vested interest in the impact of the Creighton Memoranda on Texas Tech Health Sciences Center El Paso. Specifically, El Paso NAACP members work and attend school there, as well as receive medical care through the medical training provided to future medical professionals who attend Texas Tech Health Sciences Center El Paso.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Defendants' Objection and deny Defendants' Motion to Strike the Declaration of Carl B. Dwyer, Jr.

*[signatures on following page]*

DATED this 2nd day of September 2026.

Respectfully submitted,

*/s/ Antonio L. Ingram II*

Antonio L. Ingram II
Avatara A. Smith-Carrington (*admitted pro hac vice*)
Maydrian Strozier-Lowe (*admitted pro hac vice*)
Alyssa K. Gordon (*admitted pro hac vice*)
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, D.C. 20005
aingram@naacpldf.org
acarrington@naacpldf.org
mstrozier-lowe@naacpldf.org
agordon@naacpldf.org
(202) 682-1300
FAX: (202) 682-1312

Christina Das (*admitted pro hac vice*)
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, N.Y. 10006
cdas@naacpldf.org
(212) 965-2200
FAX: (212) 226-7592

Nicholas Hite (admitted pro hac vice)
Elizabeth Dankers (admitted pro hac vice)
Nephetari Smith (admitted pro hac vice)
Kenneth D. Upton, Jr. (SBN 00797972)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
nhite@lambdalegal.org
ldankers@lambdalegal.org
kupton@lambdalegal.org
Phone: (214) 219-8585
FAX: (855) 535-2236

Katherine M. Bolger (admitted pro hac vice)
Rachel A. Strom (admitted pro hac vice)
Leena Charlton (admitted pro hac vice)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Fl.
New York, New York 10020
katebolger@dwt.com
rachelstrom@dwt.com
leenacharlton@dwt.com
Tel.: (212) 489-8230
Fax: (212) 489-8340